**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:26-cv-25469

NINGBO DONGCHUAN SWIMMING
POOL EQUIPMENT CO., LTD.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS, AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

      Defendants.

_____/

## COMPLAINT FOR DESIGN PATENT INFRINGEMENT

Plaintiff, Ningbo Dongchuan Swimming Pool Equipment Co., Ltd. ("Plaintiff" or "Dongchuan"), by and through undersigned counsel, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" attached hereto (collectively, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action for design patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 271, 281, 283, 284, 285, and 289, based upon Defendants' unauthorized manufacture, importation, offer for sale, and sale within the United States, including within this Judicial District, of pool skimmer nets and leaf rakes that infringe United States Design Patent No. D1,054,643 (the "'643 Patent").

2. Defendants operate e-commerce storefronts on online marketplace platforms, including Amazon.com, Walmart.com, and Temu.com (the "Seller IDs," as identified on Schedule "A"), through which they advertise, offer for sale, and sell products that embody the patented

design of the '643 Patent (the "Infringing Products") to consumers throughout the United States, including within the Southern District of Florida.

3. Defendants deliberately conceal their true identities and the full scope of their infringing operations by operating under fictitious storefront aliases, using incomplete or false registration information, and structuring their operations to evade detection and enforcement. Plaintiff is forced to file this action against the Defendants identified through diligent investigation, and reserves the right to amend Schedule "A" as additional infringers and aliases are identified.

## **THE PARTIES**

4. Plaintiff Ningbo Dongchuan Swimming Pool Equipment Co., Ltd. is a limited company organized and existing under the laws of the People's Republic of China, with its principal place of business at No.3 Xiling Industrial Park, Xiaowangmiao Sub-district, Fenghua District, Ningbo City, Zhejiang, China. Plaintiff designs, manufactures, and sells swimming pool equipment, including pool skimmer nets and leaf rakes.

5. Defendants are individuals, partnerships, and unincorporated associations of unknown makeup, each of which owns and/or operates one or more of the e-commerce storefronts under at least the Seller IDs identified on Schedule "A." Upon information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

6. Upon information and belief, Defendants are an interrelated group of infringers who target their infringing activities toward consumers in the United States, including within this District, using substantially similar, and in many instances identical, Infringing Products, common marketing strategies, and common supply and distribution channels arising out of the same

transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing, offering for sale, or selling of the same accused products, such that joinder is proper under 35 U.S.C. § 299.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1, et seq.

8.     This Court has personal jurisdiction over Defendants because Defendants direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this District, through at least the fully interactive, commercial e-commerce stores operating under the Seller IDs. Defendants have offered to sell and, upon information and belief, have sold and continue to sell Infringing Products to consumers within Florida and this District, have shipped Infringing Products into this District, and have otherwise placed Infringing Products into the stream of commerce knowing and intending that such products would be sold in Florida and this District. Plaintiff's investigators have purchased Infringing Products from Defendants for delivery into this District.

9.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants are, upon information and belief, aliens not resident in the United States who may be sued in any judicial district, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE '643 PATENT

10.     On December 17, 2024, the United States Patent and Trademark Office duly and lawfully issued United States Design Patent No. D1,054,643, titled "Skimmer Frame," from an

application filed on July 26, 2022. A true and correct copy of the '643 Patent is attached hereto as Exhibit A.

11.     Plaintiff is the owner of all right, title, and interest in and to the '643 Patent, including the right to sue and recover for past, present, and future infringement thereof.

12.     The '643 Patent is valid and enforceable, and is presumed valid pursuant to 35 U.S.C. § 282.

13.     The '643 Patent claims the ornamental design for a pool skimmer net / leaf rake, as shown and described in the figures of the '643 Patent (the "Patented Design"). Products embodying the Patented Design have achieved substantial commercial success in the United States.

### DEFENDANTS' INFRINGING ACTIVITIES

14.     Upon information and belief, Defendants, without authorization or license from Plaintiff, have made, used, offered for sale, sold, and/or imported into the United States, including into this District, Infringing Products that embody, and are substantially the same as, the Patented Design, and continue to do so.

15.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the design of the Infringing Products is substantially the same as the Patented Design, such that the resemblance would deceive an ordinary observer, inducing him or her to purchase an Infringing Product supposing it to be a product embodying the Patented Design.

16.     Plaintiff has investigated Defendants' e-commerce storefronts and caused test purchases of representative Infringing Products to be made through Defendants' Seller IDs for delivery into the United States, including the State of Florida, and has confirmed that the Infringing Products embody the Patented Design. Records of Defendants' storefronts, listings, and sales

volumes are attached to the Declaration of Huaizhong He as part of Plaintiff's request for a temporary restraining order.[1]

17. Defendants' infringement is and has been willful, deliberate, and in disregard of Plaintiff's patent rights. Upon information and belief, Defendants, in operating sophisticated e-commerce storefronts selling directly-competing knockoff products, knew or should have known of the '643 Patent and Plaintiff's rights therein.

18. Upon information and belief, Defendants hold the proceeds of their infringing sales in accounts with the marketplace platforms and third-party payment processors, including but not limited to Amazon Pay, Walmart Marketplace payment accounts, Temu/WhaleCo payment accounts, PayPal, Payoneer, and PingPong, and will transfer those proceeds to offshore accounts beyond the jurisdiction of this Court if given notice of this action.

19. Plaintiff has suffered and will continue to suffer irreparable injury as a result of Defendants' infringing activities, including lost sales, price erosion, and loss of market share and goodwill, for which Plaintiff has no adequate remedy at law.

### COUNT I — DESIGN PATENT INFRINGEMENT (35 U.S.C. § 271)

20. Plaintiff repeats and re-alleges the allegations of the foregoing paragraphs as if fully set forth herein.

21. Defendants, without authority, have made, used, offered to sell, sold, and/or imported into the United States products embodying the Patented Design in violation of 35 U.S.C. § 271(a), and will continue to do so unless enjoined by this Court.

22. Defendants have applied the Patented Design, or a colorable imitation thereof, to articles of manufacture for the purpose of sale, and have sold and exposed for sale such articles,

---

[1] Currently part of Plaintiff's request to file under seal.

and are therefore liable to Plaintiff to the extent of their total profit pursuant to 35 U.S.C. § 289, and in any event no less than a reasonable royalty with interest and costs pursuant to 35 U.S.C. § 284.

23.     Defendants' infringement has been and continues to be willful, rendering this an exceptional case within the meaning of 35 U.S.C. § 285.

24.     Plaintiff has been irreparably harmed by Defendants' infringement and will continue to be irreparably harmed unless Defendants are preliminarily and permanently enjoined pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

a.     A judgment that each Defendant has infringed the '643 Patent in violation of 35 U.S.C. § 271;

b.     A temporary restraining order, preliminary injunction, and permanent injunction pursuant to 35 U.S.C. § 283 and Federal Rule of Civil Procedure 65, enjoining Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with them, from making, using, offering for sale, selling, or importing into the United States any product embodying the Patented Design or any colorable imitation thereof;

c.     An order requiring the marketplace platforms hosting Defendants' Seller IDs to disable and cease providing services in connection with Defendants' infringing listings and storefronts;

d.    An order restraining Defendants' marketplace and payment-processor accounts, and the funds therein attributable to Defendants' infringing sales, from transfer or withdrawal pending disposition of Plaintiff's claim to Defendants' total profits under 35 U.S.C. § 289;

e.    An award of Defendants' total profits from their infringing sales pursuant to 35 U.S.C. § 289, or, in the alternative, damages adequate to compensate Plaintiff pursuant to 35 U.S.C. § 284, together with pre- and post-judgment interest;

f.    A finding that this case is exceptional and an award of Plaintiff's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

g.    An award of Plaintiff's costs; and

h.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: August 13, 2026

Respectfully submitted,

s/ Cole Carlson
Cole Carlson, Esq.
Florida Bar No. 112863
cole@carlsoniplaw.com
412 E. Madison Street, Suite 821
Tampa, FL 33602
Telephone: (813) 445-5175

Patrick Reid
Florida Bar No. 112708
patrick.reid@carlsoniplaw.com
412 E. Madison Street, Suite 821
Tampa, FL 33602
Telephone: (813) 445-5175

*Counsel for Plaintiff Ningbo Dongchuan
Swimming Pool Equipment Co., Ltd.*